UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COSTA REGENCY, L.L.C.,

    Plaintiff,

v.                            Case No. 8:19-cv-1362-T-33JSS

HSBC CARD SERVICES, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant HSBC Card Services, Inc.'s Motion to Dismiss the Complaint (Doc. # 5), filed in state court on May 2, 2019. Plaintiff Costa Regency, L.L.C. filed a response in opposition on June 14, 2019. (Doc. # 10). For the reasons that follow, the Motion is granted in part and denied in part.

**I.    Background**

Costa Regency initiated this case in state court on March 7, 2019. (Doc. # 4). The Complaint includes two counts: Count I for "Declaratory Relief — Needed Repairs and Maintenance," and Count II for "Injunctive Relief — Hazardous Materials and Access." (Id.). The Complaint alleges that Costa Regency and HSBC have a landlord-tenant relationship. (Id. at 1-2).

1

Specifically, Costa Regency owns an office building in Brandon, Florida, that it has leased to HSBC through June 20, 2020. (Id. at 1, 3).

Under the lease, HSBC "agree[d] to maintain the [property] and all parts thereof in a good and sufficient state of repair" and to "take good care of the [property] (including any improvements hereafter erected or installed on the [property]), and [to] keep the same in good order and condition, and irrespective of such guaranty shall make and perform all routine maintenance thereof and all necessary repairs thereto, interior and exterior, structural . . . and nonstructural, ordinary and extraordinary, foreseen and unforeseen, of every nature, kind and description." (Id. at 3-4). HSBC also "agreed that it shall, at its sole cost and expense, 'take good care of, repair and maintain all driveways, pathways, roadways, sidewalks, curbs, spur tracts, parking areas, loading areas, landscaped areas, entrances and passageways in good order and repair and keep all portions of the [property] . . . in a clean and orderly condition free of dirt, rubbish, debris and unlawful obstructions.'" (Id. at 4).

Regarding hazardous materials, "HSBC agreed that at all times it also would in all respects comply with all federal,

2

state and local laws, ordinances and regulations related to hazardous materials" and "agreed to be solely responsible for all reporting obligations imposed by hazardous materials laws." (Id.). HSBC "agreed that it would not take any remedial action in response to the presence of any hazardous materials on the [property] without first notifying Costa [Regency] of its intention to do so and affording Costa [Regency] ample opportunity to appear, intervene or otherwise appropriately assert and protect [Costa Regency's] interest with respect to the proposed remedial action." (Id. at 4-5). Finally, "HSBC also agreed to immediately notify Costa [Regency] in writing of any reports made to any environmental agency arising out of or in connection with any hazardous materials in, on or about" the property. (Id. at 5).

According to Costa Regency, HSBC has not been maintaining the property as required by the lease agreement: "HSBC failed and refused to honor its contractual agreement to maintain the [property] and allowed it to suffer waste, disfigurement and damage." (Id. at 5). Costa Regency alleges HSBC: has failed to maintain and make repairs to cracks in the exterior walls; has not sealed and repainted the parking lot; has not restored the landscaped areas; has not provided

evidence that sufficient mold remediation has occurred; and has refused to replace the roof as needed. (Id. at 6-8).

So, Costa Regency insists it "has a bona fide, actual and present practical need for a declaration regarding its rights and HSBC's obligations under the Lease Agreement regarding repairs and maintenance of the [property]." (Id. at 8). Costa Regency is in the process of trying to attract future tenants for the building, but HSBC's failure to make all necessary repairs "is hampering [Costa Regency's] ability to market and lease the property." (Id.). Furthermore, Costa Regency alleges that "the parties . . . are in doubt about their rights and obligations under the Lease Agreement" because the parties disagree about the extent of repairs required under the lease agreement. (Id. at 9).

Additionally, Costa Regency alleges that there was a spill of the hydraulic fluid used in elevators — a hazardous material — in the building in June 2018. (Id. at 10). However, HSBC did not notify Costa Regency of this hazardous spill until November 2018. (Id.). Although HSBC allegedly informed Costa Regency that it would hire an environmental consultant to notify all necessary agencies and develop a remediation plan, HSBC "has not given Costa [Regency] proof that it has retained an environmental consultant." (Id. at 11). Costa

4

Regency seeks an injunction requiring HSBC to, among other things, provide proof to Costa Regency that HSBC contacted the appropriate environmental agencies about the spill, as well as give Costa Regency notice of the testing and remediation plan HSBC intends to perform so that Costa Regency can approve it. (Id. at 13).

HSBC filed the instant Motion to Dismiss in state court on May 2, 2019. (Doc. # 5). Subsequently, on June 4, 2019, HSBC removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1). Costa Regency has responded to the Motion (Doc. # 10), and the Motion is ripe for review.

## II. **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. **Analysis**

HSBC argues both claims in the Complaint should be dismissed. The Court will address the declaratory relief and injunctive relief claims separately.

#### A. **Claim for Declaratory Relief**

In Count I, Costa Regency seeks a declaration that HSBC is required under the lease agreement to repair the parking areas and exterior walls, have the building repainted and the roof replaced, restore the landscaping, and provide written proof of mold remediation and air quality testing or perform any further needed mold remediation. (Doc. # 4 at 9-10).

HSBC argues this claim should be dismissed because (1) Costa Regency has failed to allege doubt concerning its rights

and obligations under the lease agreement; and (2) Costa Regency insufficiently alleges the existence of a bona fide, actual, present, and practical need for a declaration. (Doc. # 5 at 8-11).

Although the Complaint seeks a declaration under Section 86.011, Florida Statutes, the case has been removed to federal court, and so, the federal Declaratory Judgment Act, 28 U.S.C. § 2201, governs Count I. See Coccaro v. Geico Gen. Ins. Co., 648 F. App'x 876, 880-81 (11th Cir. 2016)("Florida's Declaratory Judgment Act, found in Chapter 86 of the Florida Statutes, is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights. Because the Florida Declaratory Judgment Act is procedural as opposed to substantive, the district court did not err in construing the Coccaros' cause of action as a claim for declaratory and injunctive relief brought under 28 U.S.C. § 2201 exclusively."); see also Manuel v. Convergys Corp., 430 F.3d 1132, 1138 n.3 (11th Cir. 2005)("There is little doubt . . . that the district court had to apply the [federal] Declaratory Judgment Act, . . . rather than the state declaratory judgment act, in this action." (citation omitted)). "As a practical matter, however, the elements required under the federal or

7

state declaratory judgment acts are not materially different." Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp., 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008).

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "District courts enjoy 'ample discretion' in deciding whether or not to entertain a claim for declaratory judgment." DWF Mgmt., LLC v. Starr Indem. & Liab. Co., No. 16-CV-61238-KMM, 2016 WL 6611115, at *2 (S.D. Fla. Nov. 9, 2016).

"Claims for declaratory relief under the Federal Declaratory Judgment Act . . . may be issued only in the case of an 'actual controversy.'" Estrada v. Am. Sec. Ins. Co., No. 8:14-cv-1588-EAK, 2015 WL 1333323, at *2 (M.D. Fla. Mar. 24, 2015)(quoting Emory v. Peeler, 756 F.2d 1547, 1551–52 (11th Cir. 1985)). The question is "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Oil Co., 312 U.S. 270, 273 (1941). "At a minimum, a

8

claim for declaratory judgment must be supported by allegations from which a substantial continuing controversy may reasonably be inferred." Estrada, 2015 WL 1333323, at *2.

"[D]eclaratory judgment is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." DWF Mgmt., LLC, 2016 WL 6611115, at *2 (quoting Allstate Ins. Co. v. Emp'r Liab. Assur. Corp., 445 F.2d 1278, 1280 (5th Cir. 1971)). Thus, "[a] declaratory judgment is appropriate when it will '(1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Hands on Chiropractic PL v. Progressive Select Ins. Co., No. 6:18-cv-192-Orl-37DCI, 2018 WL 3635091, at *4 (M.D. Fla. June 25, 2018)(citation omitted).

Regarding the existence of doubt, HSBC argues "Costa [Regency] fails to set forth any provision of the Lease Agreement that it is in doubt of or that it believes contains an ambiguity presenting a need for a declaration by the court." (Doc. # 5 at 9). Although HSBC acknowledges the Complaint's allegation that the parties "are in doubt about their rights and obligations under the Lease Agreement" (Doc.

# 4 at 9), HSBC insists that "a cursory review of the Complaint reveals on its face that Costa [Regency] has no doubt as to the rights and obligations." (Doc. # 5 at 9).

As to the existence of a real need for a declaration, HSBC argues Costa Regency "has not adequately pled the threat of an immediate injury to survive dismissal." (Id. at 10). HSBC contends that Costa Regency has failed "to provide any concrete example or explanation demonstrating how HSBC's purported failure to repair and maintain the Items today is impeding [Costa Regency's] ability to market and lease the Property in June 2020 — more than thirteen months from now." (Id. at 10-11).

In response, Costa Regency argues that "there is a doubt present about the meaning of the Lease Agreement's repair and maintenance obligations," because HSBC has argued that repairs more limited than Costa Regency requested are all that is required under the agreement's terms. (Doc. # 10 at 5-6). Furthermore, Costa Regency insists the Complaint "explains how the Lease Agreement's June 20, 2020 expiration date creates an immediate need for a declaratory judgment" because "the parties need to know their rights and obligations before the lease concludes" and because the current condition

of the property makes it difficult for Costa Regency to attract a new tenant. (Id. at 5).

Upon review, the Court agrees with Costa Regency that this Court has jurisdiction and the Complaint sufficiently states a claim for declaratory relief. The Complaint plausibly alleges that Costa Regency and HSBC disagree over the extent of repairs for which HSBC is responsible under the lease agreement — an actual controversy. (Doc. # 4 at 9). Thus, there is a legitimate doubt about the extent of repairs required under the language of the lease agreement. And Costa Regency has explained that a declaration is needed now because the anticipated repairs are significant and Costa Regency needs assurance that the repairs are being undertaken in order to attract a new tenant for the property once HSBC's lease ends in June 2020. (Id. at 5-9).

Finally, the fact that Costa Regency may have been able to plead a breach of contract claim rather than a declaratory judgment claim does not support dismissal. See DWF Mgmt., LLC, 2016 WL 6611115, at *2 ("[T]he Court rejects Defendant's argument that Plaintiff cannot assert a claim for declaratory relief when an adequate alternative remedy exists at law. 'Such a position is in direct contravention of Rule 57 of the Federal Rules of Civil Procedure' which provides that '[t]he

11

existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.'" (citation omitted)).

In short, Costa Regency has sufficiently alleged its declaratory judgment claim because the declaration Costa Regency requests would resolve the parties' uncertainty about their rights and obligations under the lease agreement. Thus, the Motion is denied as to Count I.

**B. <u>Claim for Injunctive Relief</u>**

In Count II, Costa Regency pleads a standalone claim for injunctive relief, seeking

> temporary and final injunctive relief requiring HSBC to provide written proof to Costa [Regency] of all notices to environmental or other agencies of any releases of hazardous materials in the Leased Premises, provide Costa [Regency] written notice of any testing plan and proposed remediation for its review and approval before undertaking any such testing or remediation, provide Costa [Regency] access to the Leased Premises on 48 hours' verbal notice or such other time period or method as the Court determines.

(Doc. # 4 at 13).

HSBC argues this claim should be dismissed because (1) Costa Regency's allegations supposedly contradict the express terms of the lease agreement regarding marketing the property to prospective tenants; (2) Costa Regency allegedly has an

12

adequate remedy at law; and (3) Costa Regency insufficiently alleges an irreparable injury. (Doc. # 5 at 11-17).

But the Court finds this claim should be dismissed for a more fundamental reason: "[I]t is well-established that injunctive relief is not a proper claim for relief in and of itself, but rather a remedy that is available upon a finding of liability on a claim." GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc., 131 F. Supp. 3d 1291, 1302 (M.D. Fla. 2015). Indeed, courts routinely dismiss standalone claims for injunctive relief as improper. See Clark v. Ashland, Inc., No. 2:13-cv-794-FtM-29MRM, 2017 WL 468213, at *20 (M.D. Fla. Feb. 3, 2017)("As to plaintiff's purported cause of action of 'Emergency Injunctive Relief,' 'injunctive relief is not a proper claim for relief in and of itself, but rather a remedy that is available upon a finding of liability on a claim.' Because this is not a proper freestanding claim, Count XII is dismissed with prejudice." (citation omitted)); Sourcing Sols. USA, Inc. v. Kronos Am., LLC, No. 10-23476-CIV, 2011 WL 13223514, at *4 (S.D. Fla. Jan. 26, 2011)("[Defendant] moves to dismiss Count VII for injunctive relief because injunctive relief is not a cause of action. While injunctive relief is not a cause of action, Plaintiff has sufficiently alleged causes of action that support a

13

request for injunctive relief. Thus, Plaintiff may replead its complaint to include injunctive relief as the relief sought for some of its claims.").

Thus, Count II is dismissed. Costa Regency may file an amended complaint by July 8, 2019, asserting a different cause of action related to the hazardous materials allegations under which Costa Regency may seek injunctive relief as a remedy.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant HSBC Card Services, Inc.'s Motion to Dismiss the Complaint (Doc. # 5) is **GRANTED IN PART AND DENIED IN PART.**

(2) The Motion is denied as to Count I. But Count II is **DISMISSED.**

(3) Costa Regency may file an amended complaint by **July 8, 2019.** If Costa Regency does not file an amended complaint by that date, the case will proceed only as to Count I.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21st</u> day of June, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE